**IT IS ORDERED as set forth below:**

**Date: July 11, 2016**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| HUDGINS HOLDINGS, LLC ) | CHAPTER 11 |
| ) | CASE NO. 13-74158-bem |
| Debtor. ) | |
| ) | |

### ORDER CONFIRMING AMENDED AND RESTATED
### CHAPTER 11 PLAN OF DEBTOR HUDGINS HOLDINGS, LLC

On May 20, 2014, Debtor filed its "Chapter 11 Plan of Reorganization of Debtor Hudgins holdings, LLC Dated May 20, 2014" [ECF 59]. On February 19, 2016, this Plan was amended by Debtor's "Amended and Restated Chapter 11 Plan of Reorganization of Debtor Hudgins Holdings, LLC Dated February 19, 2016" ("Amended Plan") [ECF 152]. Debtor served on all creditors and other parties in

interest, a copy of this Court's "Order Approving Debtor's Amended and Restated Disclosure Statement Dated February 19, 2016, Fixing Time for Filing Acceptance or Rejection of the Chapter 11 Plan, Fixing Time for Filing Objections to Conformation of Debtor's Chapter 11 Plan and Notices Thereof" ("Confirmation Order/Notice") [ECF 168, 169]. The Confirmation Order/Notice fixed June 17, 2016 as the last day for filing and serving written objections to confirmation of Debtor's Plan, and noticed a confirmation hearing for July 6, 2016.

Prior to the Confirmation Hearing, no objections to confirmation were filed by any creditor or other party in interest. [*See generally*, Docket.]

On July 1, 2016, Debtor filed its "Notice of Filing Ballots for Accepting or Rejecting Debtor's Amended and Restated Chapter 11 Plan of Reorganization" [ECF 181] and "Report of Balloting" [ECF 182]. The Report of Balloting showed that all Impaired Class of creditors for Debtor had voted in favor of Debtor's Plan. [ECF 182.] On July 5, 2016, Debtor filed six (6) Withdrawal of Claims on behalf of all insiders which insiders withdrew claims scheduled by Debtor on Debtor's Schedule "F". [ECF 183-188].

Debtor's Amended Plan came on for hearing before this Court at 10:00 a.m. on July 6, 2016, as noticed. On commencement of the Hearing, Debtor's counsel stated the Amended Plan had been approved by all Classes of Impaired Creditors in the case, such that Debtor was prepared to proceed with Hearing on

Confirmation of its Plan as amended. Counsel for the United States Trustee appeared and stated that the United States Trustee has no objected to confirmation of Debtor's Amended Plan. On specific inquiry from the Court, no creditor or other party at interest appeared or made any objection to confirmation. Debtor's counsel made a specific proffer of evidence of the testimony of Morris M. Sprayberry, III, the manager of Debtor Hudgins Holdings, LLC who was in attendance. At conclusion of the Hearing, Debtor's counsel offered Mr. Sprayberry for examination by the Court or any other persons. No examination was pursued. The proffer of Mr. Sprayberry's testimony was accepted. In addition, Debtor's counsel tendered Exhibits 1 through 16 which were admitted in evidence, without objection.

On the basis of the above filings, the uncontested proffer by Debtor's counsel, the admission of Exhibits 1 through 16, absence of objection at hearing, and the Court's examination of the Plan as amended, it is hereby **ORDERED:**

1) The Court **FINDS and CONCLUDES**:

   a) Debtor's Amended Plan complies with the Bankruptcy Code 11 U.S.C. § 101 *et. seq.* ("Code");

   b) pursuant to 11 U.S.C. §1129 (a)(2), Debtor complies with the applicable provisions of the Code;

c)  pursuant to 11 U.S.C. § 1129 (a)(3), Debtor's Plan as amended has been proposed in good faith and not by any means forbidden by law;

d)  pursuant to 11 U.S.C. § 1129 (a)(4), any payments made by Debtor for services or costs and expenses for or in connection with Debtor's case, or in connection with Debtor's Amended Plan and incident to Debtor's case, which are required to be approved by this Court, either have been approved by this Court or are subject to approval by this Court, as reasonable;

e)  pursuant to 11 U.S.C. § 1129 (a)(5)(A), Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of Debtor's Plan, as director, officer or voting trustee of the Debtor; and the appointment of such persons to such offices, or their continuance in such offices is consistent with the interest of creditors, equity security holders and public policy;

f)  pursuant to 11 U.S.C. §1129 (a)(5)(B), Debtor has disclosed the identity of any insider that will be employed or retained by Debtor under the Amended Plan and the nature of any compensation for such insider;

g) the provisions of 11 U.S.C. § 1129(a)(6) pertaining to rate changes regulated by governmental regulatory commissions do not apply to Debtor;

h) the provisions of 11 U.S.C. §1129 (a)(7) are satisfied because the holder of any Claim in an Impaired Class of Claims has either accepted Debtor's Plan as amended, or such holder will receive or retain under Debtor's Amended Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code;

i) the provisions of 11 U.S.C. § 1129(a)(8) of the Code are satisfied because each impaired Class of Claims or interests of Debtor, have accepted Debtor's Amended Plan.

j) Debtor's Plan as amended complies with 11 U.S.C. § 1129(a)(9) of the Code because, based on the proffer made at confirmation, there are no Claims which fall within sub-sections (B), (C), or (D) of Section 1129(a)(9). The Administrative Claims held by Debtors' counsel, Chamberlain, Hrdlicka, White, Williams & Aughtry ("Chamberlain Hrdlicka") come within sub-section

"A" of Section 1129(a)(9) and Chamberlain Hrdlicka has waived the requirement that it be paid all Allowed Administrative Claims at the time of confirmation;

k) the provisions of 11 U.S.C. §1129 (a)(10) have been met because four (4) Classes of Non-insider Claims which are impaired under Debtor's Amended Plan have accepted the Plan;

l) the Court has considered the proffered testimony of Debtor's manager, Morris M. Sprayberry, III, and Exhibits 1 through 16 which were admitted in evidence without objection, as well as statements of counsel, none of which were opposed by any creditor or other party at interest.  On the basis of the proffer of testimony, the exhibits admitted in evidence, and unopposed statements of Debtor's counsel, the Court finds that confirmation of Debtor Amended Plan is not likely to be followed by liquidation or the need for further financial reorganization, except to the extent ultimate liquidation of certain assets may be effected as described in the Amended Plan. The requirements of Section 1129(a)(11) of the Code are thus satisfied;

    m)     pursuant to 11 U.S.C. §1129 (a)(12), all trustees fees payable under 28 U.S.C. § 1930 have been paid as of the date of the Confirmation Hearing; and any newly billed fees will be paid by the Consummation Date;

    n)     the provisions of Section 1129(a)(13), (14), and (15) do not apply to Debtor's case; and

    o)     proffered testimony of Mr. Sprayberry and unopposed statements of Debtor's counsel demonstrated that transfers of property under the Amended Plan will comply with non-bankruptcy law as required by Section 1129(a)(16).

2)     On the basis of Debtor's proffer resulting in the Findings and Conclusions set forth above, Debtor requested confirmation of the Amended Plan pursuant to the provisions of Section 1129(a) of the Code without the necessity of considering Section 1129(b) in order to determine Confirmation.  The evidence proffered and admitted, the Exhibits admitted, and Debtor's counsel's unopposed statements demonstrate the requirements for confirmation set out in Section 1129(a) of the Code are satisfied.  The Court therefore grants Debtor's request and confirms the Amended Plan.

3)     Pursuant to Section 7.1 of the Amended Plan and Section 1141(d) of the Code, except as otherwise provided in the Amended Plan, confirmation of the

Amended Plan acts as a discharge of Debtor, effective immediately, of any "Debt" (as that term is defined in Section 101(12) of the Code), whether reduced to judgment or not, liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown, that arose from any agreement, obligation, act, event or happening in which Debtor participated, prior to the Confirmation Date.

4) Pursuant to Section 7.2 of Debtor's Amended Plan and Section 1141(b) of the Code, effective on the date of this Order, all property of Debtor which remains titled in or otherwise owned by Debtor shall vest in Debtor, free and clear of all liens, claims, encumbrances, penalties, assessments and other interests except as may otherwise be specifically set forth in Debtor's Amended Plan.

5) Pursuant to Section 7.3 of Debtor's Amended Plan all persons holding any Claims on or after the Confirmation Date, are permanently enjoined from taking any action to enforce rights, or alleged rights, against the Debtor or against any assets of the Debtor, or any collateral in which said claimants assert rights, which rights, or alleged rights, are inconsistent with the rights of secured or unsecured creditors of the Debtor, or other claimants as set out in Debtor's Amended Plan.

6) Notwithstanding entry of this Order, and pursuant to the provisions of Debtor's Amended Plan this Court shall retain jurisdiction:

a) to enforce all causes of action which exist of behalf of the Debtor pursuant to the provisions of this Amended Plan, whether or not commenced as of the date of this Order;

b) to enter orders and injunctions and restraints to enforce the provisions of the Amended Plan;

c) to determine claims asserted under Section 507(a)(2) of the Code, including claims for compensation and reimbursement of expenses pending or filed within 30 days from entry of this Order;

d) to determine any disputed claims;

e) to enter orders regarding interpretation of the Amended Plan, or any document created in connection with the Amended Plan;

f) to conduct hearings and to enter orders modifying the Amended Plan pursuant to Article VIII of the Plan and Section 1127(b) of Code; and

g) to determine any and all applications, claims, adversary proceedings, contested or litigated matters pending on the date of entry of this Order.

[END OF DOCUMENT]

*PREPARED AND PRESENTED BY*:

*/s/ Jimmy L. Paul*
JIMMY L. PAUL
*Georgia Bar No. 567600*

*Counsel for Debtor Hudgins Holdings, LLC*

Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com

1680941_1
2379056.1

- 10 -